UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| LUC JOHN GAGNON, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil No. 1:16-cv-24-NT |
| vs. ) | |
| ) | |
| CORRECT CARE SOLUTIONS, ) | |
| et al. ) | |
| Defendants ) | |

**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF
DEFENDANT AMANDA SEIRUP**

NOW COMES Defendant Amanda Seirup, Ph.D. by and through their undersigned counsel, Thompson & Bowie, LLP, and move pursuant to Rule 12(b)(1) of the Maine Rules of Civil Procedure, to dismiss Plaintiff's claim on the ground that he has failed to comply with the mandatory pre-litigation requirements set forth in the Maine Health Security Act, 24 M.R.S. §§ 2851-2859.[1] As support for the motion, CCS relies upon the pleadings filed to date, and the memorandum of law incorporated herein.

**I.      FACTUAL BACKGROUND**

Amanda Seirup, Ph.D. is an employee of CCS, the medical, dental and mental health services provider contracted by the Maine Department of Corrections (MeDOC). Plaintiff is an inmate currently in the custody of MeDOC currently incarcerated at the Maine State Prison (MSP). In his Complaint (Document 1), Plaintiff alleges that he is suing Dr. Seirup as a result of alleged failures in mental health treatment. (Document 1-3 at 1-2) Plaintiff's Complaint appears

---

[1] A defendant's affirmative defense regarding a plaintiff's failure to comply with the notice and pre-litigation screening provisions of the Maine Health Security Act is "analogous to a defense predicated on insufficient service of process or lack of subject matter jurisdiction." *Dutil v. Burns*, 1997 ME 1, ¶ 5, 687 A.2d 639; *see also* M.R. Civ. P. 12(b)(1).

1

grounded in alleged failures of MSP mental health staff in failing to secure medication to treat alleged psychological symptoms in December 2015.

Because Plaintiff has not complied with the mandatory pre-litigation provisions necessary to bringing a professional negligence against CCS and its employees, this Court lacks jurisdiction over Plaintiff's claim. As a result, Plaintiff's Complaint against CCS should be dismissed.

## II.   ARGUMENT OF LAW

Pursuant to Maine law, a plaintiff cannot pursue a professional negligence claim against a health care provider unless he complies with certain provisions of the Maine Health Security Act ("MSHA"). *See* 24 M.R.S. § 2903(1). To that end, even before a party may even commence "an action for professional negligence" against a "health care provider," he or she must serve a written notice of claim on the opposing party, file the notice of claim in the Superior Court, and present his or her claim to a mandatory pre-litigation screening panel. 24 M.R.S. §§ 2853, 2854, 2903(1); *see Hill v. Kwan*, 2009 ME 4, ¶¶ 7-8, 962 A.2d 963.

The Act broadly defines a "health care provider" to include "any hospital, clinic, nursing home or other facility in which skilled nursing care or medical services are prescribed by or performed under the general direction of persons licensed to practice medicine . . . in this State" 24 M.R.S. § 2502(2). Likewise, the Law Court has broadly interpreted what an "action for professional negligence" encompasses, instructing that the MHSA is to apply to "*any* case that could implicate medical malpractice insurance." *Saunders v. Tisher*, 2006 ME 94, ¶¶ 13, 15, 902 A.2d 830 (interpreting 24 M.R.S. § 2502(6)). As set forth by the MSHA, an "action for professional negligence" means:

> (1) 'any action for damages for injury or death'; (2) 'against any health care provider, its agents or employees . . . '; (3) 'whether based upon tort or breach of

>contract or otherwise'; (4) 'arising out of the provision or failure to provide health care services.'

*D.S. v. Spurwink Servs*., Inc., 2013 ME 31, ¶ 20, 65 A.3d 1196 (quoting 24 M.R.S. § 2502(6)).[2]

In this case, the MHSA pre-suit requirements apply to Plaintiff's action. At the outset, Dr. Seirup, as a mental health professional at MSP, undoubtedly qualifies as a "health care provider" under the Act. *See* 24 M.R.S. § 2502(2); *see also Demmons v. Tritch*, 2007 WL 777541, * 1 (D. Me. Mar. 1, 2007 *aff'd* 484 F. Supp.2d 177, 179 (D. Me. 2007) (applying MHSA to prison health care providers at the MCC); *Dutil v. Burns*, 674 A.2d 910, 910-911 (Me. 1996) (concluding that MHSA applies to malpractice claims against dentists arising out their purportedly inadequate services). Based on Plaintiff's allegations alone, his cause of action against Dr. Seirup is certainly a claim for professional negligence, *D.S.*, 2013 ME 31, ¶ 20, 65 A.3d 1196, and as such, falls squarely within the "ambit of the . . . all-encompassing MHSA." *See Saunders v. Tisher*, 2006 ME 94, ¶ 9, 902 A.2d 830; *see also* 24 M.R.S. § 2502(1-A), (2).

However, fatal to Plaintiff's claim at this juncture is the fact that he has neither complied with—nor alleged compliance with—the mandatory pre-suit requirements set forth in the MHSA. Moreover, it is not alleged whether Plaintiff has remitted the statutorily-required filing fee required to submit his claim to a panel for mandatory pre-litigation screening. *Id*. §§ 2853, 2854, 2903(1). It is well-established under the MHSA that "[t]he failure to do so constitutes a bar to a civil action . . . against the provider." *Kidder v. Richmond Area Health Center, Inc.*, 595 F. Supp. 2d 139, 142 (D. Me. 2009) (citations omitted); *Demmons*, 2007 WL 777541 at * 1 *aff'd* 484 F. Supp.2d 177, 179 (D. Me. 2007). Even if Plaintiff has established a valid MHSA claim, this Court would not have jurisdiction in the absence of an active state court action.

---

[2] The all-inclusive nature of the MSHA is further evidenced by its inclusion of the terms "or otherwise" in the definition of "action for professional negligence." 24 M.R.S. § 2502(6). This open-ended language has led the Law Court to conclude that the Legislature clearly intended the MHSA to "fully occupy the field of claims brought against health care providers." *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996).

Because Plaintiff has not complied with the provisions of the MHSA, the Court should determine that this Complaint, for alleged failures in mental health treatment as provided by Maine law is premature at this time, and dismiss those claims without prejudice. *Id.*

Dated at Portland, Maine this 19th day of February, 2016.

/s/ *Michael E. Saucier*
Michael E. Saucier, Esq.
Attorney for Amanda Seirup, Ph.D.

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, Maine 04112-4630
207-774-2500

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2016, I electronically filed Motion to Dismiss and Incorporated Memorandum of Defendant Amanda Seirup, Ph.D. with the Clerk of Court using the CM/ECF system.

A copy was deposited on this date, via U.S. Mail, to:

>Lu John Gagnon
>807 Cushing Road
>Warren, Maine  04864

>/s/ *Michael E. Saucier*
>Michael E. Saucier, Esq.
>Attorney for Amanda Seirup, Ph.D.

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500