UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LUC JOHN GAGNON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00024-NT |
| | ) | |
| BERT RAND GOSSELIN, et al., | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON
DEFENDANT AMANDA SEIRUP'S MOTION TO DISMISS**

In this action, Plaintiff Luc Gagnon, an inmate at the Maine State Prison, alleges that Defendants Amanda Seirup, Ph.D., and Bert Rand Gosselin denied him necessary treatment regarding his mental health condition.

The matter is before the Court on Defendant Seirup's motion to dismiss. (ECF No. 10.) Through her motion, Defendant argues that the case against her should be dismissed because Plaintiff has not complied with the pre-litigation procedures required by the Maine Health Security Act for claims of medical malpractice. Plaintiff has not filed a written opposition to the motion. I recommend the Court grant in part and deny in part the motion.

**Facts**

Plaintiff commenced this action by filing a form complaint specified for use by prisoners alleging civil rights claims under 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendant Gosselin told Plaintiff he did not have time for Plaintiff when Plaintiff reported suicide ideation, and that Plaintiff attempted to commit suicide later that day. Plaintiff also alleges that after these events, Defendant Seirup, a prison physician, failed to provide him with his necessary medication.

**Discussion**

Defendant evidently argues in part that if the Court grants her motion to dismiss Plaintiff's medical malpractice claim, the Court should the Plaintiff's complaint against her. Dismissal of the entire complaint against Defendant Seirup, however, is not appropriate based on the pending motion. Plaintiff's complaint, on the form for claims arising under 42 U.S.C. § 1983, can reasonably be construed as Plaintiff's attempt to assert a federal civil rights claim. In her motion to dismiss, Defendant did not address Plaintiff's federal claim. Accordingly, Plaintiff's federal claim would remain even if the Court were to dismiss Plaintiff's claim for medical malpractice.

To the extent Plaintiff attempts to assert a medical malpractice claim, Plaintiff has not alleged in his complaint or otherwise demonstrated that he has complied with the pre-litigation requirements of the Maine Health Security Act, 24 M.R.S. § 2851, et seq. Among other things, Plaintiff's filings lack any evidence to suggest Plaintiff served and filed a written notice of claim in accordance with or otherwise satisfied the requirements of 24 M.R.S. § 2853.

Given Plaintiff's failure to demonstrate compliance with the Maine Health Security Act, which is a necessary prerequisite to the filing of a medical malpractice action, dismissal of any negligence claim Plaintiff intended to assert is appropriate. *See Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 383 (D. Me. 2011); *Kidder v. Richmond Area Health Ctr.*, 595 F. Supp. 2d 139, 143 (D. Me. 2009). *see also Hewett v. Inland Hosp.*, 39 F. Supp. 2d 84, 88 (D. Me. 1999) (remanding medical malpractice claim to state court despite existence of related federal EMTALA claim "because retaining jurisdiction until the conclusion of the screening panel proceedings would unduly delay resolution of the EMTALA claim").[1]

---

[1] Alternatively, the Court could stay further proceedings pending resolution of the state pre-litigation screening process. *See Henderson*, 815 F. Supp. 2d at 383 (staying proceedings pending completion of the pre-litigation screening process where the court's jurisdiction was based on diversity and where the court retained jurisdiction over multiple related state law claims). I do not recommend a stay in this case because Plaintiff's malpractice claim is not

**Conclusion**

Based on the foregoing analysis, I recommend the Court grant in part Defendant Seirup's motion to dismiss, and dismiss without prejudice any state law medical malpractice claim Plaintiff has asserted against Defendant Seirup.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of May, 2016.

---

within this Court's original jurisdiction, because Plaintiff has not asserted any additional state law claims within the supplemental jurisdiction of the Court, because dismissal of the action without prejudice enables Plaintiff to pursue his state law claim in state court, and because a stay would unduly delay the resolution of Plaintiff's civil rights claim.