UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LUC JOHN GAGNON, )<br>                Plaintiff )<br>                      )<br>       v.               )<br>                      )<br>AMANDA SEIRUP, )<br>                      )<br>                Defendant ) | 1:16-cv-00024-NT |

**RECOMMENDED DECISION ON
DEFENDANT AMANDA SEIRUP'S SECOND MOTION TO DISMISS**

In this action, Plaintiff Luc Gagnon, an inmate at the Maine State Prison, alleges that Defendant Amanda Seirup, Ph.D., denied him necessary treatment regarding his mental health condition.

The matter is before the Court on Defendant Seirup's Second Motion to Dismiss. (ECF No. 14.) Through her motion, Defendant contends dismissal of Plaintiff's civil rights claim, the only claim that remains pending against Defendant, is warranted because Plaintiff has not alleged facts that could plausibly support a finding that he exhausted his administrative remedies or that Plaintiff was denied treatment for a serious medical need. Plaintiff has not filed an opposition to the motion.

Following a review of the pleadings and the record, I recommend the Court grant the motion to dismiss based on Plaintiff's failure to exhaust administrative remedies, and dismiss Plaintiff's complaint without prejudice.

**Procedural Background**

In her initial motion to dismiss (ECF No. 10), Defendant argued that Plaintiff's complaint constituted a claim for medical malpractice, and that the claim was subject to dismissal because

Plaintiff had failed to comply with the requirements of the Maine Health Security Act, 24 M.R.S. § 2851, et seq.  Defendant, however, did not address in the motion any potential federal claim.  In a recommended decision, I recommended the Court grant Plaintiff's motion as to the medical malpractice claim, but deny the motion as to any possible federal claim.  The Court adopted the recommendation.  (ECF No. 16.)  Defendant now seeks dismissal of the federal claim.

## Facts

In his complaint, Plaintiff alleges that a mental health worker[1] told Plaintiff he did not have time for Plaintiff when Plaintiff reported suicidal ideation, and that Plaintiff attempted to commit suicide later that day.  Plaintiff asserts that Defendant, whom Plaintiff describes as a doctor, failed to provide him with his necessary medication because Plaintiff reported that he intended to pursue legal action against the mental health worker.

Plaintiff asserts he suffered from suicidal ideation based on anxiety and mental stress.  In addition to his report of suicidal ideation and attempted suicide, Plaintiff alleges that he later informed Defendant that he did not know if he could "take it any longer."  (ECF No. 1-3, PageID # 8.)  According to Plaintiff, he also requested an adjustment in his medication in order to concentrate in class, to which request Defendant allegedly responded, "Why should I help you get on meds, you're putting a lawsuit on [the mental health worker]?"  (*Id.*)  Plaintiff asserts that as the result of this encounter, his anxiety has worsened because he does not believe he will receive any mental health treatment.

## Discussion

Defendant argues that dismissal is appropriate because (1) Plaintiff's allegations demonstrate that he did not exhaust his administrative remedies; (2) Plaintiff's allegations

---

[1] Plaintiff identified the mental health worker as Bert Rand Gosselin, whom Plaintiff joined as a party to this action. The Court dismissed Defendant Gosselin as party on July 21, 2016.  (ECF No. 18.)

regarding his medical need do not describe an objectively serious condition because they merely concern Plaintiff's ability to concentrate during class; and (3) Defendant's failure to prescribe medication "is of no practical consequence" because she is a doctor of psychology and she is not licensed to prescribe medication. (Motion to Dismiss at 3 – 4, 6 – 8.)

Defendant's substantive arguments for dismissal (i.e., that Plaintiff has failed to allege a serious medical need and that the failure to prescribe medication is inconsequential) are unpersuasive at this stage of the proceedings. Contrary to Defendant's contention, the medical need is not limited to Plaintiff's desire to concentrate better in class. Plaintiff has described a mental health issue (suicidal ideation) that is unquestionably serious. In addition, Defendant's causation argument requires a factual record and thus cannot be resolved on a motion to dismiss. Plaintiff, therefore, has alleged facts that could plausibly support a finding of deliberate indifference to a serious medical need. *Martin v. Somerset Cty.*, 387 F. Supp. 2d 65, 67 (D. Me. 2005); *Pelletier v. Magnusson*, 195 F. Supp. 2d 214, 231 (D. Me. 2002); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Insofar as Plaintiff has alleged Defendant refused to provide medication because Plaintiff expressed an intention to file a claim against the mental health worker, Plaintiff has alleged facts from which one could conclude that a prisoner of ordinary firmness would be chilled in the exercise of the prisoner's right to petition government in redress of grievances if he needed mental health care and his prison provider stated the intention to withhold such care.[2] *Ayotte v. Barnhart*, 973 F. Supp. 2d 70, 94 (D. Me. 2013) (retaliation claim requires (1) that the inmate engaged in conduct that is protected by the First Amendment; (2) that a defendant took adverse action against the

---

[2] Plaintiff in fact stated his fear of retaliation in the grievance form he submitted on January 4, 2016. (ECF No. 1-4.)

3

inmate because of the prisoner's protected conduct; and (3) that the adverse action would deter an inmate of ordinary firmness from exercising his or her First Amendment rights).

Defendant's exhaustion argument requires more discussion. Federal law requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit based on 42 U.S.C. § 1983. Specifically, the Prison Litigation Reform Act provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (affirming dismissal of action without prejudice based on prisoner's failure to completely exhaust available process even though the relief he sought was unavailable in that process).

Because the PLRA makes exhaustion a precondition to filing suit and not merely a precondition to an award of judicial remedies, a claim regarding prison conditions cannot proceed if it is filed before the plaintiff exhausts available administrative remedies. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir. 1999); *see also Ruppert v. Aragon*, 448 Fed. App'x 862, 863 (10th Cir. 2012) ("Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency.")

"[F]ailure to exhaust is an affirmative defense under the PLRA, and … inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. As an affirmative defense, failure to exhaust may be waived by a defendant who fails to establish the defense. *Casanova v. Dubois*, 304 F.3d 75, 77 n.3 (1st Cir. 2002) (citing *Wendell v. Asher,* 162 F.3d 887, 890 (5th Cir. 1998) ("Rather, the amended statute imposes a requirement [of

4

exhaustion], rather like a statute of limitations, that may be subject to certain defenses such as waiver, estoppel, or equitable tolling.")).

Defendant contends the Court should dismiss Plaintiff's complaint because the pleadings lack any evidence that Plaintiff exhausted the available administrative remedies before he commenced this action. Defendant notes that the only administrative proceeding reflected by Plaintiff's complaint involved the mental health worker whom Plaintiff joined as a defendant in this case. (Motion to Dismiss at 2: "No grievance form concerning Dr. Seirup's alleged conduct on December 10, 2015 was submitted to the Court.") Plaintiff, however, is not required in his pleading to assert or demonstrate that he exhausted his administrative remedies. *Jones*, 549 U.S. at 216. Nevertheless, a review the pleadings to assess the merit of Defendant's exhaustion defense is appropriate.

In support of his complaint, Plaintiff filed several attachments. Plaintiff attached a form that reflects he filed a grievance against the mental health worker, former defendant Gosselin. (ECF No. 1-4.) He did not include a similar grievance form regarding Defendant. In addition, Plaintiff filed a "note" in which he wrote: "I'm waiting on the grievance procedure to finish on Amanda Seirup. Also another on Bert Gosselin." (ECF No. 1-6.) Although Plaintiff's filing includes a notice of dismissal of his grievance (ECF No. 1-5), given the date of the notice (January 7, 2016), and given the January 6, 2016, conclusion of the staff member who attempted to resolve the grievance Plaintiff filed against Mr. Gosselin (ECF No. 1-6, "Please be advised that continued submission of false statements will not be tolerated. Continued miss use [*sic*] of grievance form and process will not be tolerated"), and given the date of the note on which Plaintiff acknowledged he was awaiting the conclusion of his grievance against Defendant (January 14 – i.e., 7 days after the notice of dismissal), one can reasonably infer the notice of dismissal was in response to the

5

grievance he filed against Mr. Gosselin on January 4, 2016. The pleadings lack any similar evidence that the grievance Plaintiff maintains he initiated against Defendant has concluded.

Ordinarily, resolution of an exhaustion defense would require a summary judgment record. In this case, however, Plaintiff's own words on a note signed on the same date as Plaintiff's complaint acknowledge that when he filed the complaint, he had not exhausted his administrative remedies regarding his claim against Defendant. The record, therefore, supports Defendant's request for dismissal. In fact, Plaintiff's lack of objection to Defendant's motion to dismiss based on Plaintiff's failure to exhaust may be deemed a waiver of objection to the argument and thus provides further support for Defendant's request for dismissal. D. Me. Loc. R. 7(b)[3]; *ITI Holdings, Inc. v. Odom*, 468 F.3d 17, 18 (1st Cir. 2006) (affirming dismissal based on failure to object to motion to dismiss under Rule 12(b)(6)); *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 9 (1st Cir. 2002) (affirming dismissal based on failure to object to motion to dismiss under Rule 12(c)).

## Conclusion

Based on the foregoing analysis, I recommend the Court grant Defendant Seirup's Second Motion to Dismiss (ECF No. 14), and dismiss without prejudice Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated this 19th day of September, 2016

/s/ John C. Nivison
U.S. Magistrate Judge

---

[3] Local Rule 7(b) provides that "[u]nless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."